UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
WADIH EL-HAGE,

                       Movant,

        -against-                                22-cv-10321 (LAK)
                                                                        98-cr-1023 (LAK)

UNITED STATES OF AMERICA,

                       Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The Court is in receipt of another 28 U.S.C. § 2255 motion from this individual. As will appear, it lacks jurisdiction to deal with it.

        On May 29, 2001, movant was convicted after jury trial of (1) conspiracy to murder United States nationals (Count One), (2) conspiracy to murder United States officers and employees (Count Three), (3) conspiracy to damage or destroy United States property (Count Five), and (4) multiple counts of providing false statements to a federal grand jury regarding his knowledge of and association with al Qaeda and its leaders and members. The Second Circuit affirmed the convictions but remanded for resentencing pursuant to *United States v. Fagans*, 406 F.3d 138 (2d Cir.2005). *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 151 (2d Cir. 2008). On remand, this Court sentenced movant to life imprisonment on Counts One and Three, twenty years' imprisonment on Count Five, and five years' imprisonment on each of the false statement counts, the terms to run concurrently. 98-cr-1023, Dkt. 1197. That sentence was affirmed by the Court of Appeals. *United States v. El-Hage*, 589 F. App'x. 29, 32 (2d Cir. 2015). In April 2016, movant sought relief pursuant to 28 U.S.C. § 2255. 16-cv-3119 (LAK). That motion was denied on the merits. *Id.* Dkts. 4, 5, 34.

        On June 8, 2020, movant filed a new Section 2255 motion seeking relief, ostensibly on the basis of *United States v. Davis*, 139 S. Ct. 2319 (2019). But "a petitioner incarcerated pursuant to a federal judgment cannot bring a 'second or successive' motion for habeas relief, unless he or she first obtains permission from a court of appeals." *Johnson v. United States*, 623 F.3d 41, 43 (2d Cir. 2010) (quoting 28 U.S.C. § 2255(h)). As that motion challenged the same judgment that was the subject of El-Hage's previous Section 2255 motion, 98-cr-1023 (LAK), 16-cv-3119 (LAK), it was a "second or successive" motion for habeas relief. *Id.* at 44-46. This Court therefore lacked

the power to address it absent permission of the Court of Appeals. In accordance with the procedure established in *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996), it was transferred to the Court of Appeals, which denied permission on June 22, 2021.

The present motion invokes *United States v. Taylor*, 142 S. Ct. 2015 (2022), *Davis* and *Johnson v. United States*, 576 U.S. 591 (2015), attacks U.S.S.G. § 4B1.2(a)(1) and the residual clause of 18 U.S.C. § 924(c)(3), and asserts that none of movant's crimes of conviction were "crimes of violence". It complains also of movant's conditions of confinement and of his having been tried in the Southern District of New York, among other things. The problem, however, is that this motion attacks the same judgment as did the June 8, 2020 and April 2016 motions. Just as the June 8, 2020 motion, this is a "second or successive" motion for habeas relief. This Court may not consider it absent leave of the Court of Appeals. Accordingly, it is transferred to that Court. *See Liriano, supra,* 95 F.3d 119. In so far as the present motion complains of movant's conditions of confinement, such claims are not cognizable under Section 2255 and instead, if he wishes to pursue them, should be brought pursuant to 28 U.S.C. § 2241 in the district in which he is confined after exhausting his administrative remedies with the Bureau of Prisons.

The Clerk shall transfer the application and this order to the Court of Appeals. The Clerk is directed also to mail a copy of this order to El-Hage.

SO ORDERED.

Dated:   December 9, 2022

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge